United States District Court
Southern District of Texas
**ENTERED**
May 22, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSHUA SONNIER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-4489 |
| TRI POINTE HOMES TEXAS, INC., | § § § | |
| Defendant. | § § § § | |

**ORDER**

Joshua Sonnier sued his employer, Tri Pointe Homes Texas, Inc., for alleged violations of the Americans with Disabilities Act and the Texas Commission on Human Rights Act. Tri Pointe Homes has moved to compel arbitration and dismiss for lack of subject-matter jurisdiction because the parties agreed to arbitrate their disputes. (Docket Entry Nos. 18, 19). Sonnier does not disagree that this case should be arbitrated, and even sought to initiate arbitration himself. *Sonnier v. Tri Pointe Homes Texas, Inc.*, JAMS Case No. 5300000291. He alleges that Tri Pointe has yet to pay its portion of the filing fee, but does not allege that Tri Pointe is refusing to do so. (Docket Entry No. 25). He also claims that the arbitrator may determine that some of the issues in this litigation are not arbitrable, weighing in favor of stay this litigation pending the arbitration. (Docket Entry No. 25).

Sonnier is correct. The Federal Arbitration Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration

>has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  Tri Pointe prefers dismissal, arguing that all the issues are in fact arbitrable, so nothing is left for the court to decide.  (Docket Entry No. 26).

Whether a court or an arbitrator determines arbitrability turns on what the parties agreed to.  *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) ("Just as the arbitrability of the merits of a dispute depends upon whether the parties agreed to arbitrate that dispute, so the question 'who has the primary power to decide arbitrability' turns upon what the parties agreed about *that* matter." (citations omitted)); *accord Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012).  Courts "will not assume that the parties agreed to arbitrate arbitrability '[u]nless the parties clearly and unmistakably provide otherwise.'"  *Petrofac*, 687 F.3d at 675 (alteration in original) (quoting reference omitted); *see also ConocoPhillips, Inc. v. Loc. 13-0555 United Steelworkers Int'l Union*, 741 F.3d 627, 631 (5th Cir. 2014) ("Although the question of whether a particular issue is arbitrable errs in favor of arbitration, 'courts should not assume that the parties agreed to arbitrate arbitrability unless there is "clea[r] and unmistakabl[e]" evidence that they did so.'" (quoting reference omitted)).

The parties' agreement provides that the arbitrator will decide arbitrability.  The agreement states that "the arbitrator shall have the exclusive authority to resolve any dispute relating to the arbitrability of any individual claim or the enforceability or formation of this Agreement (including all defenses to contract enforcement such as, for example, waiver of the right to compel arbitration)."  (Docket Entry No. 26-1 at 4).  The court lacks the authority to determine whether all of Sonnier's claims are arbitrable.

The motion to compel arbitration, (Docket Entry No. 19), is granted.  The motion to stay pending arbitration, (Docket Entry No. 25), is granted.  The motion to dismiss, (Docket Entry No.

18), is denied as moot. This case is administratively closed pending arbitration. Either party may move to reinstate the case to the active docket within 14 days after the conclusion of the arbitration.

SIGNED on May 22, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge